**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00260-CR**
_____

**RONALD SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-13545**

**MEMORANDUM OPINION**

A jury convicted Ronald Smith of aggravated robbery and assessed a punishment of life in prison. In one appellate issue, Smith contends he received ineffective assistance of counsel during the guilt phase of trial. We affirm the trial court's judgment.

To establish ineffective assistance, Smith must satisfy the following test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the

defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Id*.

On appeal, Smith complains of trial counsel's failure to (1) object to testimony that Smith wears dentures when the alleged robber wore dentures; (2) object to a detective's testimony that Smith was the robber seen on a surveillance video and was the person who committed the crime; (3) challenge eyewitness identification through objections, a motion for expert assistance, a motion to suppress, and cross-examination; and (4) object to portions of the State's closing

argument. The record does not indicate that Smith filed a motion for new trial to allege ineffective assistance. The record is silent as to trial counsel's tactical and strategic decision making. *See Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010). Moreover, Smith cannot demonstrate that, but for counsel's alleged errors, the outcome of his trial would have been different. *See Graves v. State*, 310 S.W.3d 924, 929 (Tex. App.—Beaumont 2010, pet. ref'd). Nor is trial counsel's ineffectiveness apparent from the record. *See Freeman v. State*, 125 S.W.3d 505, 507 (Tex. Crim. App. 2003). Under these circumstances, Smith cannot defeat the strong presumption that counsel's decisions during trial fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. We overrule issue one and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 4, 2013
Opinion Delivered December 18, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.